UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

MICHAEL ROBERTSON

CRIMINAL ACTION

NO. 13-108-JJB-SCR

## **ORDER FOR ADDITIONAL BRIEFING**

After reviewing the record, this Court would like additional briefing from each party on the following matter:

> The Fifth Circuit previously stated that "[t]he Fourth Amendment, however, prohibits a search of the vehicle in the absence of a warrant, with only two exceptions."[1] "The agents must have either the consent of the owner to conduct the search or probable cause to believe that the vehicle contains contraband or other evidence of a crime."[2] Furthermore, the Fifth Circuit has stated that the smell of marijuana, in and of itself, can constitute probable cause to search a vehicle.[3]
>
> Assuming that this Court were to find that the duration of the traffic stop did not constitute a Fourth Amendment violation, does it matter whether or not the defendant voluntarily consented to the search of his vehicle, or would the officer's probable cause resulting from the smell of marijuana justify the warrantless search? Or, is it relevant that the officer told the defendant he would not write him a ticket despite having already smelled the marijuana on the defendant's person and in the vehicle?

---

[1] *United States v. Mendoza-Gonzalez*, 318 F.3d 663, 666 (5th Cir. 2003) (citing *United States v. Ross,* 456 U.S. 798, 809 (1982); *Schneckloth v. Bustamonte,* 412 U.S. 218, 219 (1973)).
[2] *Id.* (citing *Ross*, 456 U.S. at 809; *Schneckloth*, 412 U.S. at 219).
[3] *See United States v. Newton*, 463 Fed. Appx. 462, 466 (5th Cir. March 8, 2012) ("We have frequently held that probable cause to search may be based solely on a trained officer's detection of the odor of illicit drugs."); *United States v. Ibarra-Sanchez*, 199 F.3d 753, 760 (5th Cir. 1999) ("This Court has consistently held that the smell of marihuana [sic] alone may constitute probable cause to search a vehicle."); *United States v. McSween*, 53 F.3d 684, 687 (5th Cir. 1995) ("Indeed, the smell of marihuana [sic] alone may be ground enough for a finding of probable cause, as this Court has held many times."); *United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989) ("Moreover, the detection of the odor of marihuana [sic] justified a search of the entire vehicle, including the locked compartment that was a likely place to conceal contraband."); *United States v. Heinke*, 775 F.2d 641, 645 (5th Cir. 1985) ("Once the officer smelled the marijuana, he had probable cause to search the vehicle.); *United States v. Gordon*, 722 F.2d 112, 114 (5th Cir. 1983) ("After the motor home was properly stopped, the odor of marijuana emanating from the open door of the motor home supplied probable cause to search the vehicle.").

It is **ORDERED** that the parties submit briefing to the Court within 14 days from the date of this Order.

Signed in Baton Rouge, Louisiana, on February 25, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**